**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE**

**CRIMINAL ACTION NO. 05-20-DLB**

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**VS.**                       **<u>OPINION AND ORDER</u>**

**MICHAEL D. BLACKBURN**                                            **DEFENDANT**

*******************************

This matter is currently before the Court upon the notice of the United States of its intent to introduce certain evidence during trial. (Doc. # 16). In its notice, the government states its intention to introduce evidence relating to Defendant's financial condition prior to and during the time alleged in the indictment. More particularly, the government has indicated that it intends on eliciting proof that Defendant made numerous withdrawals of funds from the City of Pikeville allegedly for the undercover purchase of narcotics, yet there are no corresponding submissions by Defendant of related purchases of narcotics lodged into the Pikeville Police Department's evidence lockers or into Defendant's police office. The government also seeks to elicit evidence that although Defendant allegedly withdrew funds to pay informants, there are scant, if any, records made by Defendant accounting for the use of informant funds. The government also seeks to elicit evidence of other extortionate activity which allegedly occurred before and after the extortion charged in Count One of the Indictment.

1

**Arguments of the Parties**

Defendant has now moved, in *limine*, to exclude any of the evidence identified in the government's notice of evidence. (Doc. # 26). In the motion, Defendant argues that such evidence is neither relevant nor prohibitive to the charges of which Defendant stands indicted. For that reason, Defendant argues the evidence should not be admitted. Defendant further argues that the evidence should not be admitted as 404(b) evidence to show motive, intent or lack of mistake. Finally, Defendant argues that the evidence should be excluded pursuant to FRE 403 because it is much more prejudicial than prohibitive.

In its response, the government reasserts its theory that Defendant committed the crimes charged in the Indictment, especially the extortion charge contained in Count 1, because he was experiencing financial difficulty. (Doc. # 27). For that reason, the government argues that the evidence is admissible to prove motive and intent. To prove motive and intent, the government seeks admission of Defendant's mishandling of police department funds dedicated to the investigations of narcotic cases, Defendant's failure to account for cash received by him as a narcotic detective from undercover drug buys, and additional extortionate activity involving Defendant and a confidential informant. The government seeks admission of this evidence under FRE 402 and alternatively, to prove motive, intent, preparation, plan and absence of mistake under FRE 404(b).

According to the proffer contained in the government's response to the motion in limine, the government will prove that Defendant first drafted the extortion letter, which is the essence of Count 1 of the Indictment, on his Pikeville Police Department computer on April 4, 2005. However, according to the government, Defendant's financial woes or his desire for money which prompted him to write that extortion letter did not begin in April of

2

2005.

The government alleges that in late December, 2004, Defendant used Richard Ratliff as a confidential informant. According to the government, Defendant used Ratliff to set up a controlled sale of narcotics to Tommy Hall in late December, 2004. In addition to that undercover sale, Ratliff allegedly made other controlled purchases and/or sales of narcotics on Defendant's behalf. The government submits that the proof will show that neither the purchased narcotics nor the purchase money was logged into evidence by Defendant at the Pikeville Police Department.

After the controlled sale to Tommy Hall was completed, Hall agreed to work as Defendant's confidential informant. Defendant thereafter took Tommy Hall and his girl friend, Donna Huffman, to the Pikeville Police Station where Defendant offered not to charge Hall for the purchase of narcotics if Hall would assist him in an investigation. According to the government, Defendant did not refund Hall's purchase money, a sum of $9,000.00. Further, the government submits there is no record at the Pikeville Police Department of Defendant logging the $9,000.00 into evidence.

The government further proffers that sometime in early 2005, Defendant had Hall and Huffman come to his office at the police department. Once there, Defendant told them that he was working with federal investigators, and that he (Blackburn) needed to raise $20,000.00 to give to the federal authorities so the federal investigation could be pursued. During that meeting Defendant pressured Hall to come up with the money or otherwise he said he would see to it that Hall would go to prison. Hall was able to raise $5,000.00 cash which he gave to Defendant. However, according to the government, there is no record of such a federal investigation, no record in the Pikeville Police Department of $5,000.00

3

being received by Defendant from Hall, and no record of $5,000.00 being paid by the Pikeville Police Department to a federal agency to fund a federal investigation.

The government also proffers that in early July, 2005, less than a month after Defendant sent the extortion letter to Dr. Musgrave, which serves as the basis for Count 1 of the Indictment, Defendant made an additional demand to Hall for $5,000.00. According to the government, Defendant told Hall that he (Blackburn) needed the money to take to Washington and the FBI, and that he needed the money before July 11th.

**Applicable Law**

Federal Rule of Evidence 401 defines "relevant evidence" as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pursuant to FRE 402, "all relevant evidence is admissible," except as otherwise provided by the rules of evidence. FRE 404(b) provides that although evidence of other acts is not admissible to prove character, it may "be admissible for other purposes, such as proof of *motive*, opportunity, *intent*, *preparation*, *plan*, knowledge, identity, or *absence of mistake* or accident." (emphasis added). Such evidence is admissible under FRE 404(b) if –

> (1) there is sufficient evidence that the other act in question actually occurred, (2) the evidence of the other act is probative of a material issue other than character, and (3) the probative value of the evidence is not substantially outweighed by its potential prejudicial effect.

*United States v. Bartholomew,* 310 F.3d 912, 921-922 (6th Cir. 2002) (citation omitted). Thus, when confronted with 404(b) evidence, district courts are required to determine whether the act sought to be admitted as 404(b) evidence occurred, whether the purpose for admitting the evidence is one of the permissible purposes set forth in FRE 404(b), and

whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

Rule 404(b) is intended as a rule of inclusion rather than one of exclusion. *See United States v. Myers*, 102 F.3d 227, 234 (6th Cir. 1996). Moreover, the Sixth Circuit has stated that the prior conduct must be reasonably near in time under the facts of the particular case. *United States v. Ismail,* 756 F.2d 1253, 1260 (6th Cir. 1985). However, the court has concluded that there is "no absolute maximum number of years that may separate a prior act and the offense charged." *Id.* Additionally, cases from the Sixth and other circuits have in fact affirmed the use of testimony relating to prior acts dating back much further than three years. In *Ismail,* for example, the court admitted into evidence testimony relating to events that had happened up to four years earlier. *Id.; see also United States v. Murphy,* No. 90-6400, 1993 WL 15102, at *3-4 (6th Cir. Jan. 26, 1993) (unpublished) (concluding that evidence of prior acts dating back three to four years was admissible under Rule 404(b)); *United States v. Rubio-Gonzalez,* 674 F.2d 1067, 1075 (5th Cir. 1982) (concluding that evidence of prior acts dating back 10 years was admissible under Rule 404(b)).

### **Analysis**

In this case, Defendant has been charged with three violations of federal law. (Doc. # 1). In Count 1, he is charged with mailing a threatening letter to someone with intent to extort money or other things of value. This conduct allegedly occurred on June 28, 2005. Defendant is charged in Count 2 with making materially false statements to an FBI Agent

5

relating to those threatening letters.  He is further charged in Count 3 with possessing cocaine with the intent to distribute.

### Evidence of Defendant's Financial Condition

In view of the charges in the Indictment, evidence which shows Defendant's financial condition prior to and during the time frame alleged in the Indictment is relevant to prove motive, intent, preparation, plan, and absence of mistake.  Evidence that Defendant was experiencing financial difficulties in 2004 and 2005 would certainly explain why he may have attempted to extort money from Dr. Musgrave or anyone else during that same time frame, and later lied about it to the FBI.  Motive evidence is not only relevant, but highly admissible, in an extortion case.

Additionally, evidence that Defendant made withdrawals of funds from the Pikeville Police Department for the undercover purchases of drugs, and to pay informants is relevant to corroborate the government's theory that he committed the offenses because of his financial problems.  The same can be said for evidence that there were no corresponding submissions to the police department relating to those drug purchases or payments to informants.  That evidence is also relevant and admissible.

Alternatively, this same evidence is admissible pursuant to FRE 404(b).  In making this determination, the Court presumes that the evidence proffered by the government in its response to the motion in limine will be offered at trial.[1]  Based on the government's proffer, the Court is satisfied that first prong of the *Bartholomew* three prong test has been satisfied.

---

[1] If the proffered evidence does not materialize as anticipated, the motion to exclude may be renewed.

The second question which must be addressed pursuant to *Bartholomew,* 310 F.3d at 921-922, is whether the other act evidence is probative of a material issue other than character.  Because motive, intent, preparation, plan, and absence of mistake are each specifically identified as proper purposes for the admission of FRE 404(b) "other act" evidence, the Court answers this question in the affirmative.  In this case, Defendant has been charged in Count 1 with mailing a threatening letter "*with intent to extort* ... money and other things of value." (emphasis added).

Evidence of Defendant's financial condition is thus probative on the issue of motive, intent, preparation, plan, and absence of mistake.  That would include evidence that Defendant made withdrawals of funds from the City of Pikeville allegedly for the undercover purchase of narcotics, yet there are no corresponding submissions by Defendant of related purchases of narcotics lodged into the Pikeville Police Department's evidence lockers or into Defendant's police office.  That would also include evidence that Defendant withdrew funds to pay informants, yet there are few, if any, records made by Defendant accounting for the use of informant funds.  Having answered the first two *Bartholomew* questions in the affirmative, the last inquiry that must be made is whether the probative value of such evidence is "substantially outweighed" by the danger of "unfair prejudice."

While the admission of this evidence will be prejudicial to Defendant's case, as is practically all evidence sought to be admitted during criminal cases, the Court finds that the probative value of such evidence to establish his motive, intent, preparation, plan, and absence of mistake is not substantially outweighed by the danger of unfair prejudice. Additionally, the other acts are not so remote in time to preclude admission under 404(b).

Once the proffered evidence is admitted, the Court will give a limiting instruction that the jury will only be permitted to consider such evidence on the issue of Defendant's motive, intent, preparation, plan, and absence of mistake, and is not to be considered for any other purpose.  Thus, any prejudice will be minimized by this cautionary instruction.

**Evidence of Defendant's Other Extortionate Conduct**

Although the Sixth Circuit has not yet addressed the admissibility of other extortionate conduct within the framework of FRE 404(b), the Fourth and First Circuits have each upheld the admissibility of such conduct when presented with a FRE 404(b) challenge.  *See United States v. Bengali*, 11 F.3d 1207, 1213 (4th Cir. 1993) (admitting testimony of defendant's prior extortionate acts to show motive, intent, and plan); *cert. denied*, 511 U.S. 1092 (1994); *United States v. Rivera-Medina*, 845 F.2d 12, 16 (1st Cir. 1988) (in extortion case, tendency of evidence of prior extortion scheme "to prove absence of mistake, knowledge and intent clearly exceeds its admittedly prejudicial impact"), *cert. denied*, 488 U.S. 862 (1988).

In this case, the proffered other extortionate conduct involving Tommy Hall occurred in early-2005, within a few months of Defendant drafting the extortion letter to Dr. Musgrave in April, 2005, and sometime after the letter was mailed to Dr. Musgrave in June, 2005. Based on the government's proffer, the Court is satisfied that first prong of the *Bartholomew* three prong test has been satisfied with regard to other extortionate activity.[2] Additionally, other extortionate conduct, whether before or after June, 2005, is probative of a material issue other than Defendant's character.  Simply put, evidence that Defendant

---

[2] As with the other FRE 404(b) evidence, if the proffered evidence does not materialize as anticipated, Defendant may renew his motion.  *See* footnote 1.

8

engaged in other acts designed to extort payoffs within the same time period as the charged extortion is admissible to rebut a claim of mistake, as well as to prove Defendant's motive, intent, preparation and plan. *Rivera-Medina*, 845 F.2d at 16.

Defendant's motive, intent, preparation, plan, and absence of mistake will all be placed in issue during the trial. Moreover, the temporal proximity of Defendant's extortion of $5,000.00 from Tommy Hall in early, 2005, and attempted extortion of $5,000.00 from Hall in July, 2005, makes this a relatively easy case for admissibility pursuant to FRE 404(b).

Finally, the tendency of this evidence to prove Defendant's motive, intent, preparation, plan, and absence of mistake clearly exceeds its admittedly prejudicial impact. Thus, the Court finds that the probative value of such evidence is not substantially outweighed by the danger of unfair prejudice. As with the other FRE 404(b) evidence, the Court will cushion any prejudice by giving a limiting instruction that the jury will only be permitted to consider such evidence on the issue of Defendant's motive, intent, preparation, plan, and absence of mistake.

Accordingly, for the reasons stated herein, **IT IS ORDERED AS FOLLOWS**:

1. Defendant's motion in limine to exclude the evidence identified in the government's notice of evidence (Doc. # 24) be, and is hereby **denied**;
2. The government will be permitted at trial to introduce evidence of Defendant's financial difficulties to establish his motive for committing the crimes alleged in the Indictment;

3. The government will be permitted at trial to introduce evidence relating to the withdrawals of funds from the City of Pikeville by Defendant allegedly for the undercover purchase of narcotics, the lack of corresponding submissions by Defendant of related purchases of narcotics lodged into the Pikeville Police Department, the withdrawal of funds to pay informants, and the lack of corresponding records by Defendant accounting for the use of informant funds;

4. The government will be permitted at trial to introduce evidence of Defendant's other extortionate acts relating to Tommy Hall to show motive, intent, preparation, plan, and absence of mistake.

This 26th day of May, 2006.



Signed By:
*David L. Bunning*   DB
United States District Judge

G:\DATA\Trial_Notebook\USA-v-Blackburn-7-05-CR-20\Order denying MIL.wpd